ANTONIO LEBRÓN, Plaintiff and Appellant, *v.* F. FRESNO & Co. and JOSÉ FUENTES VALLE, Defendants and Appellees.

No. 3946. Argued June 21, 1926.—Decided July 9, 1926.

*F. Gallardo Díaz* and *L. Pereyó, Jr.,* for the appellant. *González Fagundo & González, Jr.,* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellees move for dismissal of the appeal taken in this case from a judgment of the District Court of Humacao rendered on appeal for the reason that it does not appear that the amount in controversy exceeds the sum of $300.

The appellant opposes this motion and contends that although the value of the property sued for is not stated in the complaint, the transcript of the evidence in the statement of the case duly filed shows it to be $400, and that, therefore, the jurisdiction of this court appears from the record.

The record shows that F. Fresno & Co. attached a property in an action brought in the Municipal Court of Yabucoa against José Fuentes Valle, whereupon Antonio Lebrón brought this action of intervention in the said municipal court, alleging in the complaint that the attached property belonged to him by purchase from Fuentes, without stating expressly therein the value of the property.

F. Fresno & Co., defendants in the action of intervention, answered without raising any question of jurisdiction. The evidence was examined and judgment was rendered for the intervenor.

F. Fresno & Co. appealed to the District Court of Hu-

macao. The case was called for trial *de novo*, the pleadings were read and the evidence was examined. Finally the district court rendered judgment for the defendants for lack of jurisdiction based on the fact that the value of the property was not stated in the complaint, on section 17 of the Act to provide for the trial of the right to real and personal property, on the decision of this court in the case of *Corujo* v. *District Court of Guayama*, 32 P.R.R. 881, and on other decisions of courts of the United States.

The intervenor appealed and filed a transcript of the record. As already said, the appellees moved for dismissal of the appeal.

█ A municipal court being a court of limited jurisdiction, there is no doubt that its jurisdiction can not be presumed, but should appear from the record. Furthermore, considering the wording of section 17 of the Interventions Act of 1907 (Comp. 1911, page 891), if the defendants had moved to dismiss the complaint on the ground that the value of the property sued for was not set up in the complaint, the court would have had to sustain the motion, but undoubtedly would have allowed the plaintiff to amend his complaint.

█ But inasmuch as the defendant answered without raising any question of jurisdiction by reason of the amount in controversy and the evidence showed that the value of the property was $400, the situation was changed.

The decision of this court in the *Corujo Case, supra,* was based on the fact that the value of the property did not appear from the record, but in this case it appears from the record that the property was purchased for the sum of $400, which, in the absence of any objection by the adverse party, must be presumed to be its fair value. 15 C. J. 750 *et seq.*

Although perhaps we have felt bound to touch on the merits of the appeal, the parties will have an opportunity to discuss more fully the main question involved at the hearing to follow, for the motion to dismiss must be overruled.